**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5163

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL E. BOYD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (3:06-cr-00137-RLW)

Submitted: May 14, 2007                    Decided: June 15, 2007

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Acting Federal Public Defender, Carolyn V. Grady, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Peter S. Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel E. Boyd was convicted by a jury of one count of conspiracy to possess ammunition by a convicted felon, in violation of 18 U.S.C. § 371 (2000); and one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a total of 120 months' imprisonment. On appeal, Boyd raises two issues. For the following reasons, we affirm.

First, Boyd argues that the district court erroneously denied his innocent and transitory possession jury instruction. We find no error in the district court's decision to deny Boyd's request as we have previously rejected this instruction in § 922(g) cases. United States v. Gilbert, 430 F.3d 215, 218-20 (4th Cir. 2005).

Second, Boyd asserts that his sentence is unreasonable. This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, a district court is no longer bound by the range prescribed by the Sentencing Guidelines. Hughes, 401 F.3d at 546. However, in imposing a sentence post-Booker, courts still must calculate the applicable Guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000

& Supp. 2006).  <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006).  This court will affirm a post-<u>Booker</u> sentence if it "is within the statutorily prescribed range and is reasonable."  <u>Id.</u> at 433 (internal quotation marks and citation omitted).  "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006).

Here, the district court explicitly treated the Guidelines as advisory, and sentenced Boyd only after considering the Sentencing Guidelines, the § 3553(a) factors, and counsel's arguments. Although the district court did not recite facts to support each § 3553(a) factor, the court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record."  <u>Johnson</u>, 445 F.3d at 345.  We thus conclude that Boyd's sentence is reasonable.

We therefore affirm Boyd's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>